Caroline K. Simon, J.
This motion asks to restore the above claim to the trial calendar and for leave to file an amended appraisal and for such other and further relief as to this court may seem just and proper.
Claimants Samuel R. Matosin and his wife, Minnie Matosin, jointly commenced suit against the State of New York for 1.263 acres of real property situated on Middle Country Road in the Town of Brookhaven, Suffolk County, by filing a claim (No. 46263) on March 3, 1966. It sought $40,000 for the taking by the Department of Transportation on September 22, 1965 for the reconstruction of the Coram-Middle Island Highway, and was brought by the law firm of Mars & Burton who had been retained by the Mato sins under letter of January 27, 1966. No consequential damage or easements were involved.
The claim was filed on March 3, 1966. In July, 1966 a firm of appraisers was retained by claimants and a report subsequently filed with the Clerk of the court. Pursuant to rule 25a of the Rules of the Court of Claims appraisals were exchanged on September 8, 1966. Claimants’ appraiser valued the taking at $30,680. The State’s appraiser set his figure at $18,000. The matter was set down for trial in February, 1968.
*633 On February 28, 1968, a day before the claim was scheduled to be tried, at about 4:00 p.m., the Assistant Attorney-General handling this claim communicated an offer of $22,000, inclusive of interest, to claimants’ counsel, Mr. Burton, who, in turn, telephoned Mrs. Matosin at her home. Mr. Matosin was not there. After a conversation, Mrs. Matosin consented to settling the claim for $22,000. ..On the morning on which the claim was scheduled for trial the Assistant Attorney-General assigned to its defense reported to the court that a settlement figure of $22,000 had been reached. Claimants’ counsel did not appear at this calendar call. Thereafter, agreements of adjustment were prepared by the State and submitted by Mr. Burton to Mr. and Mrs. Matosin on March 5.
In an affidavit submitted as part of a motion seeking an order of discharge as attorneys of record, and to fix their fee, Mr. Burton stated that shortly thereafter, his partner, Mr. Mars, received a telephone call from Samuel it. Matosin who advised him that he did not wish to settle the case for that figure, and argued that undue pressure had been put upon Mrs. Matosin to obtain her consent. This was denied by Mr. Burton, who indicated that Mrs. Matosin seemed completely satisfied when the offer was communicated to her.
In two conferences with the Matosins in the Mars & Burton office, in one of which their appraiser appeared, claimants were advised that the proposed offer was felt to be just and reasonable. Counsel then informed claimants that he considered that they had displayed a loss of confidence and trust in their then attorneys, and asked them to obtain the services of another firm of attorneys as well as new appraisers.
The court, having studied the appraisals submitted by both parties, and having viewed the property, approved the settlement as equitable to both sides and in the interest of justice.
On June 6, 1968 the motion clerk of this court was advised by letter from Mars & Burton, claimants’ former counsel, that the firm of Koffler, Flower & Plotka had been substituted as claimants’ attorneys as of that date.
Five months later, on November 22, 1968, the instant notice of motion with affidavit attached was filed with the Clerk of the court in Albany, a copy having been served on the Attorney-General. The affidavit by Samuel R. Matosin stated that the proposed offer of $22,000 had been communicated to Mrs. Matosin by their then counsel by telephone on the evening of February 28, that she consented to this figure while under the impression that this offer was to be in addition to the $9,270 partial payment already received from the State, and that *634 Mr. Matosin had not been home at the time of the telephone call. He stated that he rejected the offer the next morning, and added that at no time did he indicate his willingness to accept $22,000 as settlement of the claim.
On December 3, 1968 this motion was on the calendar. Both counsel submitted on the papers. The State’s affidavit in opposition stated that claimants had ‘ ‘ reneged and refused to follow through by executing the agreement of adjustment ’ ’ and that “if the orderly process of disposing of litigation is to continue, this motion should be denied, and the negation of the settlement be disapproved ’ ’.
The court reserved decision, and thereafter scheduled a hearing on December 17, 1968, at which time oral argument by both counsel as well as testimony by both claimants was to be heard. That hearing now has been held. The court has weighed the arguments of both counsel, and has considered the testimony of Mr. and Mrs. Matosin.
Claimant, Mrs. Matosin, testified that she did not realize the offer of $22,000 in settlement included the partial payment already made. Her husband testified he at once raised an inquiry as to that payment. He recognized that if the partial payment was added to the $22,000 settlement offer accepted by his wife the total amount would be greater than claimants’ appraised damage figure. Claimants testified they telephoned their counsel at 9:00 a.m. the next morning and thereafter went to his office specifically to refuse and reject the settlement offer. It was not until November, nine months later, that the court was informed by the instant motion that claimants had determined to reject the settlement which their then counsel had stated they accepted. Both claimants state their counsel was not at fault and that the matter was a misunderstanding.
The affidavit by claimants’ counsel on the settlement date reveals that he advised claimants on July 19, 1966 that the appraised value was $30,680 including all damages. He added that claimants registered no objection to the appraisal submitted for them. He then proceeded to file it as required.
Claimants’ counsel on the settlement date indicated in his affidavit that several days elapsed between the acceptance by Mrs. Matosin of the settlement offer and the telephone call from Mr. Matosin which he swears he received after March 5, 1968 when the agreement of adjustment forms had already been received by their counsel from the Department of Transportation. At a subsequent conference between the two claimants, who testified to being husband and wife and are living *635 together, and their counsel and appraiser, claimants were advised by their appraiser and by their lawyer that the settlement was just and reasonable.
The court now determines the matter. It supports the principle that ‘ ‘ Agreements of compromise and settlement are highly favored in law ” (8 N. Y. Jur., Compromise and Settlement, § 24, p. 244) and recognizes that ‘ ‘ Mistake of fact is not a ground upon which a compromise and settlement may be easily avoided. The burden of proof of mistake is on the party who asserts it as a ground of avoidance.” (8 N. Y. Jur., Compromise and Settlement, § 26, p. 248).
The question now before the court is whether a settlement reached by counsel for both parties and approved by this court as being fair to both and in the interest of justice should be set aside.
A recent decision of the Appellate Division, First Department, Columbia Broadcasting System v. Roskin Distrs. (31 A D 2d 22, 24) reminds us that stipulation of counsel must be in writing (CPLR 2104) and that 11 all matters claimed to be the subject of the stipulation must be set out ”. However, a settlement differs from a stipulation in that attorneys, acting as officers of the court and representing their principals, come to an agreement with which the court agrees as in the interest of both parties. Oral stipulations made in open court do not need to be in writing.
The cases on the question of setting aside a stipulation give fraud or collusion or mistake or accident or some other ground of the same nature as reasons to relieve a party. No other ground for releasing the parties from the settlement is stated except mistake.
The only legal basis for negating the settlement would be if it were believable and possible that the claimant who agreed to accept it did not understand its terms and that when her husband realized that to be the situation he moved at once to negate her acceptance.
The court does not find that to be the situation. The claimants’ appraisal figure was known to them as was the sum received in partial payment. Simple arithmetic makes the addition of the partial payment to the settlement figure exceed the claimants’ own appraised damage. Clearly and obviously such a figure could not be the settlement.
Decisions are to be based on law. But moral codes must not be ignored. Agreements reached when duress and fraud were neither alleged nor involved must have sanctity if the *636 fundamentals of decency are to have the foundation and strength so essential for the well-being of our people and our government.
On all the facts before it, the court finds the settlement agreed to by counsel representing both parties and acting in good faith should not be set aside and was in the interest of both parties and fair. Motion denied.